Thank you, Your Honor. Good afternoon. May it please the Court. Michael Bekesha on behalf of appellants Sharon Bauer and Richard Georgina. Appellants are Montgomery County, Maryland taxpayers seeking to prevent Montgomery County officials from illegally expending Montgomery County taxpayer funds. There is no dispute that taxpayer claims in Maryland are well recognized and long established. For a taxpayer to prevail on such a claim, a taxpayer must show that she's a taxpayer, that she brings a case on behalf of all taxpayers, that a public official's action is illegal, and that official's action results in pecuniary loss. Here, the only disputed element is whether appellees have acted illegally. Although this court may reach the merits, it's not the primary issue currently before. The issue is whether appellants have brought a valid state law claim. And that's where I'm going to begin my argument. Although the federal courts rarely hear such claims, Maryland courts and at least 35 other state courts hear taxpayer claims frequently. A taxpayer claim is an essential tool of democracy, allowing taxpayers to challenge actions of their government officials and hold them accountable. As Judge Keenan stated, while she was a Virginia Supreme Court Justice, the right of taxpayers to challenge the legality of expenditures by local governments is a right permitted in almost every state. In addition, counsel, counsel, can I stop you before you get to the cause of action part and talk about jurisdiction and I'm not so much interested in the 1331 jurisdictional argument, I'm really interested in the Article Three standing which we must have. And, you know, as I've looked at that, you know, you have kind of a case over 100 years old Massachusetts versus Mellon, which you know, at that time talked about, you know, municipal taxpayers may have standing. But we got a recent case, more recent case, the dimer Chrysler case that really deals with state taxpayer standing. And that whose logic to me seems pretty applicable here. You could you address, you know, the issue of not state court standing? I know that I know Maryland says you have standing in state court, but Article Three standing in light of the dimer Chrysler case? Yes, Your Honor. As we see it, it's in federal court, it's clear municipal taxpayer standing still exists. The Supreme Court hasn't said when a taxpayer is suing a municipality, that there is no standing the Supreme Court, and the circuit courts have said when suing a state, there there is no Article Three standing. That's correct. Here we have a county. And as far as far as we can tell, counties are the court, other circuits are treating counties differently. Sometimes they're treated based on the state law more as a municipality. Sometimes they're treated as a state. There is no Fourth Circuit precedent on that. There isn't Supreme Court precedent dealing specifically with the county, Your Honor. So in our in our view, Montgomery County is more like the local, local office and municipality and less like a state because it has a limited number of residents. Does that answer your question, Your Honor? Well, yeah, appreciate your answer. I'm not sure answers it I'm not I don't need anything else from you. Thank you. Thank you. Thank you, Your Honor. So as I was saying, looking at this as a state cause of action, the state of Maryland, it is clear the state of Maryland has a cause of action of tax of taxpayer claims. And unlike federal court, the taxpayer standing claim provides both the standing as well as the cause of action. And so unlike federal court where you also need to address, you know, a private right of action or cause of action, Maryland, Maryland law does not require that does not require a separate private right of action. How do we know? How do we know counsel that it applies to unlawfulness under federal law? On the one hand, you have broad language in the cause of action that doesn't say it doesn't apply to federal law, I get that. But all the cases I saw in Maryland involved alleged unlawfulness under state and local law. So how do we know that in Clyde, and we're sitting here in diversity trying to figure out what this cause of action means? You know, how is it so clear that we would say unlawfulness under federal law applies? And related to that, should we certify that question? Those are good questions, Your Honor, I would point to two 1966 cases by Maryland's highest court, specifically Murray v. Comptroller of the Treasury, where the Maryland's highest court found that a taxpayer claim could be brought when the violation was the federal constitution, the establishment clause. And at that point, when the court ruled that the Supreme Court and federal courts had not determined that the establishment clause was essentially self enforcing that there was a private right of action under the establishment clause. At the time, there was no private right of action when it came to enforcing the First Amendment. And so counsel isn't there a distinction here, though, where a court is enforcing a person's constitutional rights, rather than asking the state to intervene and create a cause of action regarding a federal statute? Isn't that that different? When you're talking about a right being vindicated being a citizen's rights under the United States Constitution, as opposed to simply a federal statute for which Congress did not create a right? No, Your Honor, because now the establishment clause now, the Supreme Court has recognized that courts can vindicate constitutional rights. The establishment clause is a little bit unique. But you also now have Section 1981 that provides the private right of action to vindicate federal constitutional rights when it comes to local government officials. But that was Yeah, excuse me, counsel. What I'm saying is you've got a federal statute that doesn't create the private right of action. And you're saying the state can create the private right of action without any basis for doing so. They can say that our common law allows this, no matter what the statute says. Because see, the state is bound by the US Constitution, there's no question. But here, it seems to me that you're trying to create a private right of action to enforce a statute when Congress has has not seen fit to do that. Appellants don't seek to enforce a federal statute. Appellants seek to prevent local government officials from spending their tax money unlawfully. It's the violation of federal law is just an element of the claim. You know, it's very similar to negligence per se claims and other claims that states have related to the Federal Food, Drug and Cosmetics Act. So counsel taking taking that argument and running with it a little bit. I mean, you may be right states are separate sovereigns, they can create their cause of action. And there's some authority for barring federal standards and negligence per se and other matters like you're talking about. But it seems like at least one barrier to that is the And I know we don't have any express preemption. It doesn't sound like there's an alleged field preemption. And I'm not sure anybody ever calls it preemption. But the government finally, after no one else talked about it brought up the Arizona versus us case, which talks about implied conflict resolution, or implied conflict, conflict preemption. Why? Why does that doctrine not prevent you from asserting the state cause of action? You know, usv, Arizona, the sections there were very different than what we're talking about here, your honor. For example, one of the sections that the government brings up concerned, Arizona seeking to create criminal penalties for unlawfully present aliens that that got jobs that sought employment. The reason that the Supreme Court found that that was preempted was because Congress had determined to only criminalize the employer, not the employee. And so there were enforcement mechanisms in place to enforce those specific provisions. Here, Congress didn't create any enforcement mechanism whatsoever when it comes to Section 1621. But and that's a that's a that's a good distinction. And I hear you there. But when you I mean, the language says conflict and method of enforcement is choosing not to have a method of enforcement. I don't believe I don't believe it is your honor. I think that this court has been clear that when it comes to preempting state claims, that the presumption is always against preemption. And so looking looking at this, looking at 1621 and looking at this long recognized common law right for government actions, there would need to be more there would need to be more than just maybe there could be potential conflict in the future. I mean, they're they're really there's no reason why 1621 a could potentially maybe be enforced by the federal government, but also this common law claim go forward. There doesn't seem to be the tension here that there was with what Arizona was doing with their numerous provisions related to immigration. Arizona was creating criminal penalties and civil and other civil violations, where Congress had decided to also create criminal penalties and civil violations. That just isn't what we have here, Your Honor. And it's very similar to the Federal Drug and Cosmetic Act cases. And I believe Your Honor had one of those cases. When you're a district court judge, you know, you have this idea that damage remedies for claims that are based on violations of FDA regulations are still are not preempted in state court. And so these are very similar. This claim is very similar to those types of claims. And the federal courts address those and deal with those on a regular basis, and don't have a preemption concern. I guess I'd also like to add regarding taxpayer, you know, taxpayer claims. I believe every every state in the circuit has such claims. And to my knowledge, neither the government nor appellees have pointed to any cases that not only just in Maryland, but any of the other cases in which the state courts there have rejected the notion that the underlying statute that the action is unlawful because of a federal statute. There is no evidence of that. The states have filed amicus briefs 11 out of 13 of the states, including the District of Columbia, all have a form of taxpayer standing. And none of them made the point or made the argument that taxpayer standing doesn't exist in their states, or even that the that taxpayer standing or taxpayer claims can rely or cannot rely on a violation of a federal law. The states just have not made that argument. And I imagine they would have had that been an issue. With with respect to the subject matter jurisdiction, whether or not federal courts should hear these types of claims. You know, we respect and understand that that's a close call. You know, it was such a close call that, you know, at the district court, we didn't raise the issue, but we wanted to raise the issue here because we believe this court has an obligation to make sure that we address the issue. So this court would have all the information necessary to decide back to decide that issue. You know, I would note that federal courts, as I said, don't usually hear these cases. And all the kids, all the states in the circuit have these types of types of claims. And so we believe it's important, it would interfere with the balance between the federal and state judiciaries for the federal federal judiciary to hear these types of cases. If you have no other questions at this time, I'll reserve the rest of my time for for rebuttal. Thank you, Mr. Takashi. Ms. Powell. Yeah, please the court, Lindsey Powell for the United States. There are four main parts to our argument here. First is that the on the grounds decided by the district court that plaintiffs lack a private right of action to enforce the federal statute. Second, if the court disagrees with that, and decides that it's necessary to reach the merits here, the court should remand to allow the district court to do that in the first instance, if the court were to instead reach the merits, it should rule on statutory grounds that the state that the county law here does not meet the terms of section 1621 D. First and most straightforwardly, because it does not affirmatively provide for eligibility for benefits as the statute requires. And second, because it is not a state law enacted by the state. Neither of those conclusions, and this is the fourth point of the four that I outlined raises any 10th Amendment concerns. I will I will begin with those in order until the court has questions. With respect to the private right of action, that this is fundamentally a suit to enforce federal law, what plaintiffs are are asking for here is a conclusion that something is not a federal statute, it is through and through federal, and that federal law does not provide any private right or any private right of action, Congress made a choice not to provide for private enforcement, and that that choice should be honored. And so so Council on that issue, let's assume we weren't, let's assume Maryland legislature said, we hereby create a statutory cause of action, that any, you know, any that conduct inconsistent with section 1621, that injures a Maryland taxpayer calls it causes a Maryland can be pursued in Maryland courts, they adopt that they have an unquestioned cause of action. It unquestionably refers to a federal statute that does not have a private cause of action. Why can't the states do that? What's what about the why can a state say even though the federal government elected not to have a private cause of action, we're going to borrow that standard and create one that you're under that gets into the conflict issues that were touched on earlier. So as your honor noted in the Arizona case, and there are other cases that bring this up in various forms, there's Bachman, there's the Third Circuit's decision and in a Commonwealth motion to appoint counsel, which the county says in its brief, but where there's a conflict in the method of enforcement, particularly in an area like this. And like we saw in those cases where the federal government has made a careful balancing of complex considerations, we're dealing with a law here is at the intersection of immigration law and also touches on the federal state balance and Congress has made a determination that that should not be enforceable by private litigants. And that's a so if I could find out, I'm sorry to ask a question and then interrupt, but I want to make sure my colleagues have time to so I appreciate that issue. Um, is that the is that the the legal barrier to what I'm saying? I mean, is the general principle that I'm saying sure states can do that. But you have to consider preemption as the barrier to it. And so if it's preempted, you can't do it. If it's not preempted, you can do it. Your Honor, I'm not prepared to say categorically that there might not be other barriers. In some instances, it would be a very unusual thing for a state to do that. And I think there are reasons why states don't. But I think the preemption argument is the one that's been briefed here. And it's readily readily applicable here and provides a basis for decision. So taking a step back from Your Honor's hypothetical, the lack of availability of this cause of action under state law is also a basis. It's simply never been used this way, the way that plaintiffs are seeking to use it, they point to know for a federal statute. But putting that issue aside, that's why I tried to make I get there's an issue of whether it includes federal enforcement. I addressed that with your colleague. But if that it put in that issue, um, aside, um, you know, we do have you he used the word negligence per se, per se. And if you did have a negligence per se cause of action, and the only alleged violation was the federal, you know, say Food and Drug Administration claim, and it has no private cause of action. Why is that different other than this in a more, you know, more, more traditionally accepted legal theory, negligence versus taxpayer standing? The difference, Your Honor, is that there is a there's a substantive state law in those provisions that identifies a duty in the circumstances under which you fail to satisfy that duty. And federal law merely informs one aspect of that claim. What plaintiffs are trying to do here is really just enforce federal law. This is really just about whether the terms of Section 1621 are consistent with the county's actions. Quite different. Well, there are other elements aren't there, you got to be a taxpayer. I mean, I won't have them committed to memory like you do. But I mean, there are four or five elements in the thing. And the only thing the federal violation informs is the unlawfulness. And so see, I mean, I granted that negligence is a much more accepted sort of, you know, understood doctrine, but it it seems to me you got four or five elements here. And the federal, you know, illegality or unlawfulness is one of them seems pretty similar, unless you get into the preemption stage. Your Honor, so again, either of these is a determinative of the issue. So if Your Honor is not persuaded on the state law analysis, the preemption decides it. But with respect to state law, the different inquiries that also bear on whether a taxpayer can bring suit under state law are not part of the substantive right in the same way as you have in the negligence context. So these, these are really sort of the not that go to, as we have a negligence, establishing whether there's a duty, whether there's causation, all the different elements of what is truly and traditionally a state substantive right, no independent state right here in the same way. So if the court were to disagree, and believe that plaintiffs could somehow bring suit under state law here to enforce the federal right, the appropriate course of action would be for the court to reach the merits and then to the district court to consider the merits in the first instance there, the merits do raise a number of complex issues. And while they have been fully briefed, the court in the common course does have a district court pass on these issues for further vetting and consideration in the first instance, and it should do so here. For the court to reach the merits, the most straightforward way to decide them is on the affirmatively provide for benefits, part of the statutory text. So the statute is very clear in this respect, not only does it require a law that's enacted after 1998, it requires that that law be one that provides affirmatively for eligibility for benefits for undocumented individuals for the individuals who are otherwise made ineligible under federal law. And I think looking at the relationship between subsection A and subsection D here is helpful because at one point in the state's briefing here that subsection A creates a blank slate that it sort of wipes clear existing benefits, eligibility provisions, but that's not what it does. It's a federal substantive rule. It says individuals in the following categories following immigration categories are not eligible for benefits. It's not a regulation of the states, it's a regulation of individuals in those immigration categories, and it is a federal default rule of ineligibility. And what's that subsection D says is that to change that states have a choice to change it, Congress didn't have to give states the choice, but it did. And for states to change that, they have to follow the criteria that are set forth in the statute. And the states understand or the county's understanding of affirmatively here rather, would really read that language out of the text, they read it to just require what they term a positive enactment, something done after 1996, that somehow in some way ends up making otherwise ineligible people ineligible, but you don't need to say so under their view. The requirement that the law be enacted after 1996 does that work anyway. So affirmatively provide for benefits, both by its terms and to avoid the issue of surplusage clearly requires something more. And that really provides the most straightforward way to decide this on the merits. There's no real suggestion here, that reading the provision that way would create a constitutional issue. And it doesn't. The law also does require enactment by a state rather than a political subdivision. That's also here from the text of the statute. The text, Congress was very clear throughout section 1621 and neighboring provisions where it referred to states versus state and local governments or benefits, these political subdivisions and the deliberate choice of Congress in that respect. Legislative history is also clear on this point, as it is with respect to affirmatively in both instances. Congress was quite clear in saying, with respect to FEMA's enactment law, it says that laws passed by the county, city or other local officials do not suffice, which was going back to affirmatively, it says there that the state law must specify that undocumented individuals are eligible for benefits. And I think reference to that committee report is appropriate here, because it does confirm the plain text of the statute. Ours, Garage and Mortier are not to the contrary, the statutes that were at issue in those cases were very different from the statutes that the provision that we have here. In each instance, first, notably, the court did not just look at the statute and say, state typically also means political subdivision and went through an extensive analysis looking at the text, looking at the looking at what the implications would be of different readings. And in doing that, what the court concluded in both cases is that where a statute confirms that the traditional powers of the state are unaffected, are not preempted or untouched, that it would make no sense to read into that a restriction on the state's ability to delegate power to subdivisions, that actually would not be leaving the state's powers untouched, that would be touching the state's powers. And so in the context of provisions that preserve the state's powers, the court declined to read them that way. But that's not what we have here. Subsection A touches the state's powers, it sets a federal default rule that makes individuals ineligible for state and local benefits. And then subsection B gives states a choice about whether they want to jump in and make a different policy judgment and tell states how to do that if they want to get involved. And this raises no constitutional concerns where states have a choice like this. The court has time and again said that the Tenth Amendment is not offended. Significantly here, section 1621A is not challenged. There's no question here that Congress had the authority to do what it did in 1621A and establish that default rule of ineligibility. But the only question is whether in taking the additional step of giving states some choice in this area where Congress undisputedly had authority to act, it somehow offended the Tenth Amendment. And it didn't. HODL and FERC versus Mississippi tell us that in areas like this where Congress has the power to act, and it gives states an option to share in that regulatory space with the Tenth Amendment. One brief note on FERC is that just as far as the details of that case go, it not only directed the state to consider the federal standards, it told them the procedures that they had to follow in doing so. So there was a command of the state to tell them how they had to consider the federal standards. And the Supreme Court found no issue with that. None of the Tenth Amendment cases that are cited by the parties raise any Tenth Amendment issue in cases like this, where states are given a choice. And significantly, Ours Garage and Mortier also raise no Tenth Amendment. Constitutional avoidance there, that never came up. There was no mention of the Tenth Amendment, no suggestion that if Congress had in fact limited the power of the states to delegate authority there, that it would have created a constitutional issue. And the same conclusion follows here. There are also many other examples of laws that do sort of navigate the space between states and their localities. Many of those cases are cited, and statutes are cited in Ours Garage. Many of them are spending clause legislation, which presents a similar choice to what we have here. I mean, the whole premise of the spending clause is that states can choose whether or not to accept federal funding and the conditions that it comes with. And here too, they can choose to accept the federal default, where they can promulgate their own rules that the 1621d imposes. But I think what this sort of extensive analysis here of the meaning of the statute and the Tenth Amendment shows is two central things. One, again, this is a federal case. This case is all about the meaning of Section 1621. And that, again, is why it does not belong in this court through a state law cause of action. When Congress has chosen not to provide a cause of action, and allowing the claim to proceed here would conflict with Congress's choice. There are reasons why Congress chooses to provide or not to provide for private enforcement, and that choice deserves respect. And again, the complexity of the issues just summarized here would warrant a remand in the event that the court chose to reach the merits, or found that it was necessary for a court to do so based on a reversal on the private right of action issue. If the court has no questions, thank you. Thank you, Ms. Powell. Ms. Carroll. Thank you, Your Honor. May it please the court, Catherine Carroll, on behalf of the Defendant Appalese Montgomery County officials. Ms. Powell, I think, well addressed the kind of practical issues that would arise in terms of conflict between a state court claim of the type that we have here and the purposes that Congress had in entrusting enforcement. And I won't belabor those, but I think it's important on the private right of issue, private right of action issue, to note that there in addition to those practical considerations and the conflict between the state claim and the federal priorities, there are some, I think, even more fundamental structural principles that confirm the defect in the claim that plaintiffs are attempting to bring here and show why that this there is no private right of action here. And that really starts with Article One of the Constitution, which of course vests the legislative power in Congress. I think the core principle of the Supreme Court's private right of action jurisprudence is the recognition that it is a legislative act to decide not only what a federal statute says, but also whether that federal statute is privately enforceable. And so as the Supreme Court has recognized in Alexander versus Sandoval, and again, more recently in Ziegler versus Abbasi, a court that allows a private right of action to enforce a federal statute, when Congress has not done so itself, essentially usurps that legislative power that is vested exclusively in Congress. And importantly, the Supreme Court noted that that's true, quote, no matter how compatible that private remedy would be with the federal statutory scheme, structurally, it can't be done. And that principle is every bit as important in state courts as it is on federal courts, and your honors referred earlier to there was discussion of the supremacy clause. And that's exactly right, that as a matter of the supremacy clause, state courts, of course, are bound by federal law, they must adhere to federal statutes as Congress has defined them. And they therefore, but counsel, the council, I mean, that that argument, if you that you're making, and you know, of course, you would, if extended, bar a negligence per se claim, when, again, back to the hypothetical, I referred to another, if you have a negligence per se claim, and the only standard that is at issue is the violation of a federal law or regulation for which there's no private cause of action, taking the argument that you're making now that would make that improper to and that's done all the time. So it seems to me we got like we often have some, you know, ambiguity when you have supremacy clause issues on the one hand, and a allocations of powers between two sovereigns on the other. And, yeah, and it seems to me that the concept of that you have to figure out how those two interrelate. That's the deciding point. Am I wrong about that? So you're right, I don't think you're wrong. That's that in the kind of case you're thinking of, whether it's a common law negligence per se type of theory, or a statutory claim, something like like the California unfair competition law, something like that, that I think that the analysis there is as Ms. Powell was suggesting, a preemption analysis, and very often in those situations, a court might find preemption. I think what we have here that makes this case a little bit different, though, is that there is no respect in which this claim purports to enforce state law. I think this claim is actually much more similar to the Supreme Court's decision in So ASTRA was the case, it was under the Public Health Services Act, which imposed statutory price ceilings on drug manufacturers, which in turn benefited certain covered healthcare providers. And those statutory obligations were incorporated into and reflected in an agreement between the government and the drug manufacturers. The plaintiffs were healthcare providers who wanted to enforce those price ceilings. Everybody agreed that the federal statute did not contain a private right of action. So what the plaintiffs did was to frame their claim as a sort of common law third party beneficiary suit to enforce or purport to enforce this agreement that incorporated the federal standard. And the Supreme Court said, No, you can't do that. Because in federal statute, and importantly, what was true in ASTRA and is true here, but is not necessarily true in the negligence per se and other types of hypotheticals, is that the sole theory of wrongdoing is a violation of the federal statute. And what the Supreme Court said in ASTRA is that when that is the case, as is true here, there is no meaningful difference. I think the court's language was that, that in substance, a suit to enforce the federal statute directly, and a suit to enforce a purported state law claim, that simply incorporates the federal standard is one in the same. And however, the claim is dressed up, it's barred, just as a structural principle, because it's up to Congress to decide whether the statute is enforceable. And and there can't be an end run around that. And that's exactly the kind of claim that we have here. So, so a so, so a negligence per se claim where the sole wrongdoing is violation of a federal statute, you would say is improper to so your honor, I think where you have a state law that says public officials or other defendants may not engage in the following types of conduct, certain conduct is unlawful as a matter of state law, or state law imposes a common law duty to exercise reasonable care, or state law proscribes, you know, unfair business practices, those are violations of state law, for which state law can provide a remedy. And it might be the case that we look to federal law to determine whether that state law violation has been established. That is not what a Maryland taxpayer claim is. And I think this is a fundamentally important point about this case. Maryland taxpayer standing law is not a theory of liability. It does not define conduct that violates state law. It does not impose obligations. It is not possible for a defendant public official to violate state taxpayer law. All the state taxpayer doctrine is is a has suffered a sufficient injury, that he or she may go to court on behalf of a class of taxpayers seeking to enforce an obligation that exists under some other law. What what Mr. Bakasha has referred to as an element of the state of what he calls a state law claim is not an element at all. unlawfulness of the defendant's conduct for purposes of state taxpayer standing is not an element of a violation of state law. It is part of the definition of the injury that is necessary for the plaintiff to have standing. But what the plaintiffs are doing here, and this is crystal clear from the very first page of their complaint, through all of their summary judgment briefings through their briefing in this court, the one and only theory of wrongdoing in this case, just as in Astra, is that the defendant supposedly have violated federal law, there is no claim that any defendant has violated any duty imposed by state law. So all this case is just as an Astra is an effort to use a state law cause of action as an empty vehicle to create a right of action to enforce a federal statute. But it is up to Congress as a constitutional matter to decide whether a statute is enforceable in court. And as the Supreme Court has recognized not only in Astra, but in the section 1983 cases Moore and Howlett, it is not for states to create rights of action, directly seeking to enforce a violation of federal law, leaving for another day whether if if a state law were to incorporate as an as an element of state law, the same standard, then I think, you know, a lot of the same reasons would apply as was suggested, and it may be just quaddle bomb, that you get to the same destination through either route. But I do think it's important to understand the distinction between the kind of claim that plaintiffs have purported to bring here and the hypotheticals that you're, that you're thinking. So you don't think the Maryland legislature, for example, could say, you know, hey, we're elected officials, we're going to create a statutory cause of action. And we think you can buy you if a Maryland, you know, public official or a Maryland municipality were to distribute benefits in violation of 1621. And it causes injury to one of our taxpayers, we hereby create that cause of action, you don't think they could do that? So your honor, I think that the analysis there would be I think, again, sort of two routes to the same destination. Well, just can you can you say, I mean, I won't let you explain that. Sometimes I know that last time I never got an answer at the end of it, because you went to a different thing. Could you tell me first, if you have an answer, whether it's yes or no, and if it's too hard to answer that, that's fine, too. But I'm just I want to make sure I don't lose you. I think the answer is probably not. But I also think that the answer to that question doesn't determine the answer to the case here. I think as Miss Powell was indicating, a claim like that would indeed raise serious concerns as a matter of conflict preemption, as in the Third Circuit's decision in in rate Commonwealth's motion, as in the Arizona and Buckman cases and so on, because you have a congressional decision to trust enforcement authority to a single federal enforcer, and it upsets the federal state balance to to change that scheme and to allow a patchwork of inconsistent state law enforcement of the same federal standards that undermines the federal choice that Congress has made. So we think that that would be very problematic. What I mean to suggest is an phase in this case, which I think is a much easier situation than your honor's hypothetical, is the more sort of foundational structural principle that the more that cause of action starts to look like the cause of action in Astra, that is an empty effort to circumvent the absence of a private right of action in  federal law without purporting to enforce state law. That I think is very straightforwardly not permissible, again, because of the because of the allocation of legislative power to Congress, at which the Supreme Court said, is undermined by an effort to create a private right of action where Congress didn't define one, regardless of whether or not having a state law remedy would or wouldn't be compatible with the federal scheme. So so I apologize if that if that was unclear, and I'm sorry, I wasn't being no, thank you. I appreciate your answer. But I you know, I think that the the, you know, we talked a little bit about what a state taxpayer claim is and is not in Maryland. And and, you know, again, I think the Floyd decision and the state center decision discussed this at some length, and make clear that there's no, there's no substance to a state taxpayer claim in the sense of imposing any substance of duty or obligation. And I think the other thing that's significant about the courts, the Maryland courts, I'm sorry, just now, I'm, I'm just Carol, I'm trying to think about how one would write an opinion from your point of view, and trying to see whether it's overly simplistic, it isn't overly some what I'm In other words, is it overly simplistic to look at what body of law confers the substantive right? Okay. And who is claiming protection under that right? And here, the plaintiffs are claiming protection under federal law. And they don't have anything really under state law, by virtue of a substantive right of protection. I mean, does the does the access and the ability to challenge the legislation always follow who confers the substantive right? Or is that too simplistic? No, Your Honor, I think that's I think that's exactly right. And put better than I've been putting it. I think that plaintiffs are seeking to enforce what they say is a violation of a federal statute, they're seeking a remedy for their own benefit, for what they say is a violation of federal law. And so the question in that kind of a circumstance has to be, did Congress intend that that federal statute should be enforceable by the plaintiffs who are seeking a remedy to enforce it? I think that's, that's exactly the right question. And I think the way that I would answer that is to say, first of all, as your as your honor was averting to earlier, there is absolutely no authority in 150 years of Maryland case law, indicating that Maryland courts would permit this. And in fact, the state center decision expressly acknowledges that whether a statute is privately enforceable is ultimately a legislative judgment, and that even a state-by-statute, but even if Maryland's... Yep, I'm sorry. But even so, okay, so if that concept works then, would you answer Judge Quattlebaum's negligence per se action question, then by saying it's the state of Maryland that confers the substantive right of negligence as a common law right of recovery, and the federal statute is simply separate from that substantive right conferred by the Maryland statute? Or again, is that too simplistic? I don't think it's too simplistic. And I think that's a good way of thinking about the negligence situation. I mean, in in a common law theory, state law is imposing a common law duty, let's say it's a duty to exercise reasonable care. And the state law might make a common law remedy available to a plaintiff who's suffered an injury that was proximately caused by a defendant's failure to exercise due reasonable care. That's a right that state law has imbued its citizens with, and a state law remedy for a violation of the state law duty. And it may be the case in a tort claim like that, that the the evidence a plaintiff looks to to establish that the defendant violated its state law duty to exercise reasonable care is, for example, you know, the defendant failed to comply with, you know, an FDA regulation about what the warning label had to say, for instance, on a drug or medical device. But the role that that federal law is playing in the claim is that it is providing evidence or a standard by which to establish an element of a violation of state law, that is a substantive right conferred by the state on its citizens. And that that's what's missing here. Because again, this is not an effort to invoke a federal statute. Yes, I'm sorry, Judge Pardone. Yeah, I mean, this is fascinating. I think this gets, you know, a bit to the nub of it. And, and I guess I'm yet why though, it seems like you're delegating or relegating Maryland taxpayer standing calls of action to some second class calls of action. Because Maryland created that calls of action. And just like negligence is a breach of a duty and the negligence per se is informed by a federal standard, which you say is okay. Here, taxpayer standing is the substantive right is to bring an action for unlawful activity. And why would you not, in effect, substitute unlawful activity for breach of duty as just different elements to a, you know, different types of state causes of action? The answer to that can be found in the state courts discussions in state center employed about what taxpayer standing is, and what it is not. The Maryland courts have not purported to define taxpayer standing as prescribing any conduct at all. In a taxpayer claim, a plaintiff must point to some other law, typically, it's, you know, a zoning law or, you know, a law requiring single subject appropriations bills, or, you know, the county is issuing bonds on subjects that it has no authority to issue bonds on under its county charter, the plaintiff in that kind of a claim must always point to some other body of law that imposes a duty or prohibits conduct as a matter of state law that the defendant has allegedly violated. And taxpayer standing does not do that. There's no such thing as a claim that a defendant violated the taxpayer standing doctrine. All it is, is a ticket to court for a plaintiff that can show a violation of some other law. And in 150 years of Maryland cases, there have been no instances of a Maryland court purporting to permit that kind of a claim to enforce any federal statute at all, much less one as to which Congress did not create a private right of action. I see that my time has expired. I'm happy to take questions if the court has further questions. But I you know, I think that the the most straightforward resolution of this case is the the path that the district court took. And the absence of a private right of action here is both the beginning and the end of the case. And we would urge the court to affirm on that grounds. So Miss Carol, just to sort of encapsulate your position is that under Maryland law, taxpayer can have standing but may not have a cause of action. Well, okay, so Maryland courts That's my question. Yes. So your position is that you can have standing, but you may not have a cause of action. I don't think I would frame it that way. Well, because I thought that's exactly what you said. It said there is taxpayers spending, but there's no right of cause of right of action that exists, or substantive prohibition that you can enforce. Correct. Is that the same thing? I'm just cutting to the chase. So why? No, I want to know this. Why is not my absolutely correct as a matter of federal law, which finally distinguishes between constitutional Article Three standing? I'm not talking about federal law. I'm talking about Maryland law. You represent Maryland. That's and that's why Maryland law. That's why I think to be a little bit more precise about it. We have to look to what Maryland courts have said about how Maryland courts don't distinguish between standing and cause of action in the same way that federal courts do. But that doesn't make a difference to the outcome here. Because what Maryland courts have said over and over again about taxpayer cases is that taxpayer standing is standing, not a cause of action. In fact, those cases say, you don't even have to point to a cause of action because in Maryland, we don't sort of distinguish that concept. But certainly as a matter of whether a and I think this helps to answer the question of like, why is it that in 150 years, no Maryland court has purported to permit enforcement of a federal statute in this way. As a matter of federal law, it's not up to the Maryland courts to decide whether there is or isn't a cause of action to enforce a federal statute. So we can't dispense with the cause of action requirement to enforce a federal statute in the same way that a Maryland court might choose to do as a matter of Maryland law. Although again, in state center, the court made clear that if the General Assembly made clear that it meant to preclude taxpayer suits, then the court would defer to that judgment because ultimately, the right to enforce a statute is a legislative determination, and a court can't supply a right of action under a statute any more than it can rewrite the substantive provisions of the statute. And that's especially true with respect to federal law. So I, you know, I think that it gets a little bit complicated to distinguish it between those ways, because of the different approaches that federal courts and state courts take to those concepts. And so I'm just trying to be, you know, precise about about how those terms are used, and to respect how the Maryland courts have used them. I mean, certainly, from the perspective of why this suit fails, it is because the plaintiffs here have no, it's not that there's an absence of standing or jurisdiction, there clearly is. What the reason the suit fails is because this is a suit that does absolutely nothing but attempts to enforce a federal statute that Congress has said is not federally enforceable. And that is not permissible as a matter of federal law. Maryland courts have never suggested they would allow it. But even if they did, it would not make a difference as a matter of federal law for all the reasons that we've been discussing. It's not permissible, and it's foreclosed for lack of a private right of action. All right. Thank you. Thank you, Ms. Carroll. Mr. DeCascio, you have time reserved. Thank you, Your Honor. I think Judge Quettabon said it earlier that the state of Maryland and Montgomery County's attorneys are treating taxpayer claim as a second class cause of action. It's not. The Maryland courts are pretty clear, are essentially clear that taxpayer claims are essential substantive right that taxpayers of the state of Maryland have. The Maryland courts do not distinguish between causes of a cause of action here because a taxpayer claim is both the standing and the private right of action and the cause of action. The Maryland courts have specifically said that there does not need to be the violation of law does not have to have a private right of action because this substantive right provides it. You know, counsel talked a lot about in 150 years, the courts have never said that the underlying issue cannot be or can be federal law. Well, the courts haven't Maryland courts have not said it cannot be. Maryland taxpayer standing focuses on whether or not local officials are spending taxpayer money unlawfully. That's what it does. What Montgomery County is argument is today is that federal law that they can spend taxpayer money in violation federal law as much as they want. And taxpayers do not have a remedy in court to try and stop them from illegally spending money. That just can't possibly be the case. And Maryland courts have not said so. Now we pointed to what will counsel that would be the case but for a state cause of action. I mean, that that could be that you could make that argument about all sorts of things. And we'd have citizens running around as you would be attorney generals all over the place. It seems like you know, that the the ballot box is the place that is a general rule would be the reason what you said is not true. Unless there is a state cause of action that I got you got to have that don't you? You do, Your Honor, and we have that here. So I apologize. Yeah, we've got a little bit of sloppy language on my part. We have that here, Your Honor, we have a taxpayer claim that's well recognized in Maryland, as it is well recognized in a majority of states. And in all those, you know, Montgomery Council, Montgomery County and the federal government has not pointed to a single case in Maryland in which, in which the courts have said that federal law cannot be the basis for the illegal action. And these are not second class causes of action. These are these are well recognized in steps and established substantive rights. And there also is no what is your cause of action outside of federal stance? The cause of action? Not standing, cause of action. Taxpayer claim, Your Honor. That's a claim of what? Claim of illegality of violence. In this case, it's the they're spending money unlawfully and violation of the law. The law is what law? In this case, it happens to be the federal law, Your Honor. You don't. That's the whole point. You have to is quintessential. You have to have a federal statute that you may have a what exists, I suppose, and clear there's a standing as a taxpayer in Maryland, but you have to find the cause of action. Or one at least as a private right of action allowed by state or federal government. Isn't that the issue here? Really? You come back to a federal statute that you want to enforce. And I don't want, you know, preemptive because we're still trying to decide this thing. But the question is, do you have a private right of action established by Congress? At all? At all? Thank you, Your Honor. As we as we've said, there is no private right of action under under Section 1621. However, there is a cause of action. The taxpayer claim in Maryland is the cause of action. It's different than federal court. Well, we federal court taxpayer standing is just that it's just standing. In Maryland, it's different. And this is why counsel for Montgomery County had difficulty answering your question, because she could not say there is no cause of action here. Because Maryland, the cause of action in Maryland is this taxpayer cause of action. It is all the elements of the claim of the cause of action is taxpayer that it's on behalf of other taxpayers, that the government has taken action unlawfully. And that the result of the unlawful action is a is a pecuniary heart. Those are the elements to the claim, Your Honor. And one of those elements is illegality. In this case, yes, our argument is that the action the money is being spent illegally because of a federal federal law. And that's similar. That's the same to a lot of those the FDCA cases that this quarter, the district courts and in this circuit here quite frequently, where negligence per se claims are brought in one of the elements is violation of law. And in that case, they point to the violation of federal law or federal regulation, where there is no private right of action under the FDA act or FDCA. And so these types of claims are common when it comes to negligence. This is a different type of claim. But it's still it's still a real first class cause of action claim under Maryland law. And it's almost ironic that Montgomery County is also arguing in this case, well, had my Maryland created a statute that created this cause of action, that maybe then that cause of action would exist. So it seems as though Montgomery County also wants to argue, well, maybe the state needs to do it a certain way for it not to be preempted. And that's not the issue here. The issue here is Maryland, the Maryland unique to not unique to other states, but unique to what is often seen in the federal courts, that taxpayer claims are both the standing and the cause of action. They're both pieces here. It's not just the standing part, like you see in federal court. And as as I discussed earlier, about Article Three standing in federal courts, when it comes to state taxpayer claims versus municipal taxpayer claims. I hope that answers your question, Your Honor. Thank you. Thank you. I'm see I'm out of time. So thank you for your time. And I would request that this court reverse the district court and remanded to to resolve the merits. Thank you. Thank you, Mr. Tasha, Ms. Powell and Ms. Carroll. Thank you for your arguments. I think as the arguments have shown, it's a bony issues here. And thank you so much for helping us wade through them. Can't come down and shake your hand, but know that we appreciate your presence. Very important. And it's good to see you and be safe and stay well. And with that, I'll ask the clerk of the court to adjourn the court for the appropriate time. Thank you. This honorable court stands adjourned until this afternoon. God save the United States and its honorable court.
judges: Roger L. Gregory, Barbara Milano Keenan, A. Marvin Quattlebaum Jr.